NOT FOR PUBLICATION                                    (Docket No. 14)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

_____  :
                                     :
WALTER MACIAS,                       :
                                     :
            Plaintiff,               :     Civil No. 05-1445 (RBK)
       v.                            :     **OPINION**
                                     :
UNITED STATES OF AMERICA,            :
                                     :
            Defendant.               :
_____  :

**KUGLER**, United States District Judge:

This matter comes before the court on motion by Defendant United States of America ("Defendant") for summary judgment of the claims of Plaintiff Walter Macias ("Plaintiff"). For the reasons set forth below, Defendant's motion shall be denied.

### I.   Background

Plaintiff, an inmate at the Federal Correctional Institution at Fort Dix, New Jersey ("FCI Fort Dix"), alleges that prison officials were negligent in failing to prevent an assault against his person by another inmate. The facts underlying Plaintiff's claim are simple and undisputed: Plaintiff alleges that on July 16, 2003, a unit officer relocated him to a new, two-person room, cell W03-342L. As Plaintiff attempted to assume his new residence, however, he discovered that two inmates already

occupied the cell and claimed the two beds as their own.

Plaintiff returned to the unit officer to report that the room already contained two inmates. The unit officer informed Plaintiff that the room was indeed his and "ordered" him to return to the cell with his personal belongings. Plaintiff obeyed the order out of fear of receiving an "incident report." (Compl. ¶¶ 16-17.) Upon Plaintiff's return to the room, one of the inmates rose from the bed and assaulted him. Plaintiff alleges that he was beaten about the face and body and continues to experience "severe back pain" as a result of the attack. (Compl. ¶ 20.)

Prison records reveal that Plaintiff's bed was technically vacant, and the assailant, inmate Eric Calderon, was assigned to a different room. However, Calderon remained in his old cell because he wanted to continue cohabitating with his friend, the room's other occupant. (Def. Ex. 4.) Calderon confessed to punching Plaintiff "in the face several times because the Counselor put him in the same room that I wanted to be in." (Def. Ex. 4.)

Plaintiff filed an administrative claim with the Bureau of Prisons ("BOP") on March 26, 2004. After the BOP denied Plaintiff's claim on September 16, 2004, Plaintiff mailed the above-captioned complaint to the Clerk of Court on March 14, 2005, alleging a claim pursuant to the Federal Tort Claims Act,

28 U.S.C. § 1346(b). This Court granted Plaintiff's motion to proceed in forma pauperis ("IFP") on May 11, 2005, and Defendant filed the present motion for summary judgment on October 31, 2005. Plaintiff has not opposed or otherwise appeared in the action since submitting his application to proceed IFP on April 21, 2005.[1]

## II.  Standard

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could find for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment. Celotex, 477

---

[1] The nonmoving party's failure to oppose does not automatically entitle the moving party to summary judgment. Anchorage Assoc. v. Virgin Islands Bd. of Tax Rev., 922 F.2d 168, 175 (3d Cir. 1990); Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991). Rather, "the Court must first determine whether summary judgment is appropriate--that is, whether the moving party has shown itself to be entitled to judgment as a matter of law." Talbot v. United States, 2005 WL 2917463, *2 (D.N.J. 2005). However, where the nonmoving party does not submit facts in opposition, "it is entirely appropriate for this court to treat all facts properly supported by the movant to be uncontroverted." Id. (quoting Allebach v. Sherrer, No. 04-287, 2005 U.S. Dist. LEXIS 15626, at *5 (D.N.J. 2005)).

U.S. at 330. The moving party may satisfy this burden by either (1) submitting affirmative evidence that negates an essential element of the nonmoving party's claim; or (2) demonstrating to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's case. Id. at 331.

Once the moving party satisfies this initial burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). To do so, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Rather, to survive summary judgment, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." Serbin, 96 F.3d at 69 n. 2 (quoting Celotex, 477 U.S. at 322); Heffron v. Adamar of New Jersey, Inc., 270 F. Supp. 2d 562, 568-69 (D.N.J. 2003).

### III. Analysis

The FTCA authorizes inmates "to recover damages from the United States Government for personal injuries sustained during confinement in a federal prison, by reason of the negligence of a government employee." U.S. v. Muniz, 374 U.S. 150, 150 (1963). Although "[t]he Government is not an insurer of the safety of a

prisoner," Jones v. U.S., 534 F.2d 53, 54 (5th Cir. 1976), prison officials have a duty of "ordinary diligence to keep prisoners safe from harm," Hossic v. U.S., 682 F. Supp. 23, 25 (M.D. Pa. 1987) (noting that 18 U.S.C. § 4042 (1979) establishes "ordinary diligence" standard of care for prisoner negligence suits under the FTCA); Nickens v. U.S., 2006 WL 277013, *5 (M.D. Pa. 2006) (same).

Prison officials are therefore obliged "to exercise reasonable care and diligence to protect the prisoner from danger, known to or which might reasonably be apprehended by him." Hossic, 682 F. Supp. at 25 (quoting Muniz, 280 F. Supp. 542 (D.C.N.Y. 1968)); see also Turner v. Miller, 679 F. Supp. 441, 443 (M.D. Pa. 1987) (noting that while "[i]t is unreasonable to expect that the authorities can make a penitentiary a risk-free institution," prison officials must exercise reasonable care). Such dangers include those posed by other inmates. See Guccione v. U.S., 847 F.2d 1031, 1037 n.9 (2d Cir. 1988) (listing cases).

In FTCA suits brought by inmates alleging assaults by other inmates, "a breach of the duty of ordinary care usually requires a showing that correctional officials knew of a potential problem between the two inmates prior to the assault." Greene v. United States, 9 F.3d 112 (7th Cir. 1993). In other words, "there must be knowledge on the part of such officers in charge that such injuries will be inflicted, or good reason to anticipate such,

and following that, there must be a showing of negligence on the part of these officials in failing to prevent the injury." <u>Harris v. State</u>, 61 N.J. 585, 591 (1972) (discussing negligence in context of FTCA) (citations omitted). Where prison officials have no reason to know of a threat to inmate safety, it cannot be said that the officials failed to exercise reasonable care and ordinary diligence in protecting the prisoner. <u>See e.g.</u>, <u>Turner v. Miller</u>, 679 F. Supp. at 443 (granting summary judgment to defendant because plaintiff "never alleged that the defendants knew of any potential danger that the alleged assailant posed to plaintiff"); <u>Hossic</u>, 682 F. Supp. 23 (granting directed verdict of FTCA claim because prisoner failed to establish that officials knew or should have known of threat of violence resulting in assault on plaintiff).

However, where an officer does indeed possess "knowledge of an immediate threat to [an inmate's] safety" and nevertheless fails to take precautions accordingly, the inmate may well have a viable FTCA claim. <u>Belcher v. United States,</u> 2005 WL 2175709, *5 (M.D. Pa. 2005); <u>Davidson v. O'Lone</u>, 752 F.2d 817, 820 (3d Cir. 1984) (finding prison negligent in failing to protect prisoner given knowledge of threat by other prisoner). Moreover, because the prison is obligated to exhibit "ordinary diligence," it is enough that "the danger . . . , in the exercise of ordinary care, *should have been known* by a prison official." <u>Peoples v. CCA Det.</u>

6

Ctrs., 422 F.3d 1090, 1104 (10th Cir. 2005) (emphasis added).

Defendant requests summary judgment of Plaintiff's claims for lack of any evidence indicating that BOP staff failed to exercise reasonable care in keeping Plaintiff safe from harm.[2] The entirety of Defendant's argument appears grounded in the premise that because the plaintiff and the assaulting inmate were not actually assigned to the same room, the unit officer could not have been negligent.

Defendant concedes that Plaintiff was indeed attacked by inmate Calderon, and agrees that "[t]he facts clearly demonstrate that plaintiff told his unit counselor that the bed he was assigned to was already taken and that he was none the less sent back to his cell." (Def. Mot. at 10.) However, Defendant argues that the prison officer did not breach his duty of care because the prison's "SENTRY History Inmate Quarters Records" indicated that the bed the officer assigned Plaintiff was technically vacant. (Def. Ex. 3b.) Defendant reasons that "[P]laintiff's

---

[2] Although the "discretionary function exception" may relieve Defendant of liability in this matter, Defendant does not raise this exception in its brief and the Court declines to consider the issue sua sponte. See, e.g., Donaldson v. U.S., 2006 WL 1371090 *5 (W.D. Pa. 2006) ("Although the Third Circuit has not directly spoken on this issue, numerous courts have found that as a result of the discretionary function exception, the United States is not liable under the FTCA for failing to protect a federal inmate from an attack by another prisoner.") (citing Graham v. U.S., 2002 WL 188573 (E.D. Pa. 2002)).

7

assailant stated that he attacked the plaintiff because he wanted to be in his cell, not because he was in that cell." (Mot. at 11.) Defendant concludes, "[b]ecause the Unit Counselor knew that the plaintiff was not being sent to an occupied cell according to SENTRY, the counselor could not have intentionally exposed the plaintiff to a known danger of assault by another inmate." (Mot. at 11.)

Defendant misapprehends the standard for negligence. Regardless of whether he "intentionally exposed" Plaintiff to harm, the unit counselor was negligent if he should have reasonably known of the danger in the exercise of ordinary care. CCA Det. Ctrs., 422 F.3d at 1104. Defendant concedes that Plaintiff himself informed his unit counselor of the unauthorized third inmate in the cell, occupying the bed assigned to Plaintiff and claiming the room for his own. The unit counselor nevertheless ordered Plaintiff to return to the room, without any effort to investigate the reported presence of an inmate in a cell in which he did not belong. The fact that the computer indicated that Plaintiff's bed was unoccupied has no bearing on the actions the unit officer reasonably should have taken upon learning that another inmate was covertly squatting in Plaintiff's newly assigned room.

In any event, the exercise of due "care is a question of fact for the jury, and not for the court, except where the facts

are such that all reasonable men must draw the same conclusion from them." <u>Standard Oil Co. v. De Vries</u>, 3 F.2d 852, 855 (3d Cir. 1925); <u>Cassanello v. Luddy</u>, 302 N.J. Super. 267, 272, 276 (App. Div. 1997) ("The test of negligence is whether a 'reasonably prudent person at the time and place should recognize and foresee an unreasonable risk or likelihood of harm or danger to others.' . . . Whether that duty was breached [is a] jury question[]."). A reasonable jury could conceivably find that the unit counselor should have known of the possible threat to Plaintiff emanating from the unauthorized presence of another inmate in Plaintiff's bed. A jury could also reasonably conclude that the unit officer failed to exercise due care by neglecting to investigate the situation. Accordingly, Defendant's motion for summary judgment will be denied.

    The accompanying Order shall issue today.

Dated: June 30, 2006          s/Robert B. Kugler
                              ROBERT B. KUGLER
                              United States District Judge