(Not for Publication)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
:
WALTER MACIAS,                     :
                                   :
              Plaintiff,           :     Civil No. 05-1445 (RBK)
                                   :
         v.                        :     **OPINION**
                                   :
UNITED STATES OF AMERICA,          :
                                   :
              Defendant.           :
_____:

**KUGLER**, United States District Judge:

Presently before the Court is a motion by defendant United States of America ("the Government") for an award of summary judgment against plaintiff Walter Macias ("Plaintiff") on Plaintiff's suit brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346. For the reasons set forth below, this Court will grant the Government's motion.

**I.    BACKGROUND**

Plaintiff filed a Complaint on March 14, 2005, bringing suit against the Government pursuant to the FTCA. Plaintiff alleged that on July 16, 2003, while incarcerated at FCI Fort Dix, Plaintiff was beaten by another inmate. Specifically, Plaintiff claims that he was assigned to a room with two beds, and upon his arrival at this room he found both beds to be occupied by

1

other inmates. Plaintiff informed his unit officer of this situation, but was nonetheless ordered to return to the room. Upon returning, "one of the inmates became outrage[d] and attacked Plaintiff striking him in the face and a continuation of severe blows to the face and body." (Compl. ¶ 17.) Claiming that the actions of the Bureau of Prisons ("BOP") employees constituted negligence, Plaintiff brought this action against the Government pursuant to the FTCA.

The Government moved for summary judgment on October 31, 2005, claiming that Plaintiff had failed to show that the actions of the prison employees constituted negligence. This Court denied the Government's motion on June 30, 2006. The Government then filed the motion presently before this Court on October 11, 2006. In this second motion, the Government claims that this Court lacks subject matter jurisdiction, as the decisions made by the prison officials fall within the FTCA's "discretionary function" exception, thereby rendering the Government unable to be sued for the actions taken by the prison officials in the present case.

## II.   STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could find for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). When the Court weighs the evidence presented by the parties, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. at 255.

The burden of establishing the nonexistence of a "genuine issue" is on the party moving

for summary judgment.  Celotex, 477 U.S. at 330.  The moving party may satisfy this burden by either (1) submitting affirmative evidence that negates an essential element of the nonmoving party's claim; or (2) demonstrating to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's case.  Id. at 331.

Once the moving party satisfies this initial burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  To do so, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Rather, to survive summary judgment, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex, 477 U.S. at 322.

### III.   DISCUSSION

A.   FTCA and the Discretionary Function Exception

Pursuant to the doctrine of sovereign immunity, the United States may not be sued without its consent.  However, "the Federal Tort Claims Act is a limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment."  United States v. Orleans, 425 U.S. 807, 813 (1976).  The FTCA allows a suit to be brought against the Government for, inter alia, "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment. . . ."  28 U.S.C. § 1346(b).  This waiver of sovereign

immunity has been held to extend to situations where an inmate in a federal prison suffers injuries resulting from the negligence of a government employee. United States v. Muniz, 374 U.S. 150, 150 (1963).

However, the Government's consent to be sued pursuant to the FTCA is limited by what is known as the "discretionary function" exception. The FTCA further provides that the United States does not consent to suits "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a).

Determining whether this exception applies is a two-step inquiry. A court must first determine whether the act is "discretionary in nature" and "'involve[s] an element of judgment or choice.'" United States v. Gaubert, 499 U.S. 315, 322 (1991) (quoting Berkovitz v. United States, 486 U.S. 531, 536 (1988)). A court then determines "whether that judgment is of the kind that the discretionary function exception was designed to shield." Id. This exception is therefore explicitly inapplicable in cases when a "federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow." Id.

B.   Analysis

In this case, there is a federal statute relevant to the responsibility of the Bureau of Prisons to care for the safety and well-being of inmates. The statute reads, in pertinent part:

> The Bureau of Prisons, under the direction of the Attorney General, shall--
>  (1) have charge of the management and regulation of all Federal penal and correctional institutions;
>  (2) provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States, or held as witnesses or otherwise;
> (3) provide for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States . . . .

18 U.S.C. § 4042(a).  Courts have held, however, that "[e]ven if § 4042 imposes on the BOP a general duty of care to safeguard prisoners, the BOP retains sufficient discretion in the means it may use to fulfill that duty to trigger the discretionary function exception."  Cohen v. United States, 151 F.3d 1338, 1342 (11th Cir. 1998).

While the Supreme Court has not addressed the applicability of the discretionary function exception to cases where one inmate assaults another, "[t]he federal circuits that have reviewed such claims have uniformly held they are barred by the discretionary function exception." Graham v. United States, No. 97-1590, 2002 U.S. Dist. LEXIS 1765, at *12 (E.D. Pa. Feb. 5, 2002) (citing Cohen, 151 F.3d 1338 (11th Cir. 1998); Dykstra v. United States Bureau of Prisons, 140 F.3d 791 (8th Cir. 1998); Calderon v. United States, 123 F.3d 947 (7th Cir. 1997); Buchanan v. United States, 915 F.2d 969 (5th Cir. 1990)).

In this case, Plaintiff contends that several regulations are applicable to BOP employees and thus remove their actions from the FTCA's discretionary function exception.  Specifically, Plaintiff points to 28 C.F.R. § 541.13, which lists prohibited acts for inmates and the accompanying punishment.  Among the prohibited acts listed in § 541.13 and mentioned by Plaintiff are "[p]ossession of anything not authorized for retention or receipt by the inmate, and not issued to him through regular channels . . . [b]eing in an unauthorized area . . . [i]nterfering with the taking of count . . . [and] [c]onduct which disrupts or interferes with the security or orderly running of the institution or the Bureau of Prisons."  28 C.F.R. § 541.13.  Plaintiff further asserts that these regulations set forth a "mandatory, non-discretionary disciplinary action which the unit counselor was required to take." (Pl.'s Br. at 8.)  In support of this assertion, Plaintiff cites 28 C.F.R. § 541.10, which states, in pertinent part:

5

>(a) So that inmates may live in a safe and orderly environment, it is necessary for institution authorities to impose discipline on those inmates whose behavior is not in compliance with Bureau of Prisons rules. The provisions of this rule apply to all persons committed to the care, custody, and control (direct or constructive) of the Bureau of Prisons.
>
>(b) The following general principles apply in every disciplinary action taken:
>
>(1) Only institution staff may take disciplinary action.
>
>(2) Staff shall take disciplinary action at such times and to the degree necessary to regulate an inmate's behavior within Bureau rules and institution guidelines and to promote a safe and orderly institution environment.

28 C.F.R. § 541.10.

Plaintiff claims that the inmate who was in the cell to which Plaintiff was ordered to report was there improperly, and that when Plaintiff informed the BOP employees of such, it was their non-discretionary duty to accompany Plaintiff to the assigned cell and punish the inmate who was there improperly.  However, courts have held "that § 541.10 does not prescribe a specific course of action that BOP officials must follow."  Montez v. United States, 359 F.3d 392, 396 (6th Cir. 2004); see also Calderon, 123 F.3d at 949.  This Court therefore finds Plaintiff's argument that these regulations impose a mandatory, non-discretionary duty on BOP employees to be unconvincing.  This Court further notes that these regulations also fail to dictate any responsibility on the part of BOP employees to immediately investigate a situation where an inmate is assigned to a bed already occupied by another inmate.

Plaintiff further claims that the failure of BOP employees to investigate the situation and order him to return to the occupied cell violated the BOP's "Standards of Employee Conduct," a February 5, 1999 memorandum issued by the BOP which forbids employees from "[g]iving an inmate an order which could be hazardous to health and safety" and "[l]oafing, wasting time,

6

sleeping on the job, or inattention to duty." (Pl.'s Br. Ex. B.) Plaintiff claims that the unit counselor who forced him to report to his cell violated a federal policy by giving Plaintiff an order which was hazardous to his health and safety.

Plaintiff's assertion does in fact single out a relevant federal policy, namely that corrections employees are prohibited from giving orders that could be hazardous to the health and safety of an inmate. However, this policy is not one which "specifically prescribes a course of action for an employee to follow." Berkovitz, 486 U.S. at 536. Rather, this policy *proscribes* a course of action, and leaves to the discretion of the corrections employee whether an such order does in fact pose a hazard to the inmate and how to best deal with a situation such as the one which Plaintiff experienced. Indeed, the very nature of a policy such as this is one which "involves an element of judgment or choice," id., not dissimilar from the discretion inherent in 18 U.S.C. § 4042, as is discussed above. The unit counselor in question ordered Plaintiff to return to his assigned cell, an exercise of discretion which filled a void where no established policy set forth a required course of action. This Court therefore does not find the aforementioned BOP policy to be one which renders the unit counselor's decision to order Plaintiff to return to his cell non-discretionary.

Accordingly, this Court will adopt the reasoning of several Circuit courts in determining that the BOP employees' actions fall within the discretionary function exemption to the FTCA.[1]

---

[1]This Court notes, however, that while Plaintiff cannot bring this suit pursuant to the FTCA, "he may have had a remedy under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) and the Eighth Amendment to the U.S. Constitution." Graham v. United States, No. 97-1590, 2002 U.S. Dist. LEXIS 1765, at *14 (E.D. Pa. Feb. 5, 2002).

IV.  **CONCLUSION**

      Based on the foregoing reasoning, this Court will grant the Government's motion for summary judgment.  An accompanying Order shall issue today.


Dated: <u>December 22, 2006</u>                        <u>s/ Robert B. Kugler</u>
                                                                             ROBERT B. KUGLER
                                                                             United States District Judge